IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARICKA LATSON,

    Petitioner,

v.                                        CASE NO. 1:06-cv-00186-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 14, Respondent's motion to dismiss the petition for writ of habeas corpus as untimely. Petitioner has filed a response to the motion, and thus, the motion is in a posture for decision. Having carefully considered the matter, the Court recommends that dismissal be denied.

## BACKGROUND

On June 29, 2000, Petitioner was sentenced to 35 years imprisonment after he pled guilty to attempted first degree murder, attempted robbery with a firearm, and possession of a firearm by a convicted felon. Doc. 15, Ex. E at 2 & 5. He did not appeal.

On or about June 6, 2001, Petitioner filed a motion for post-conviction relief in state court. Doc. 15, Ex. C. The court found the motion to be facially insufficient under Fla. R. Crim. P. 3.850(c), which governs the contents of a post-conviction motion, and dismissed it by order

dated December 5, 2001. Doc. 15, Ex. B at 12. Petitioner did not appeal that ruling, but instead, on or about January 10, 2002, Petitioner filed a second motion for post-conviction relief. *Id*. at 13. The court denied relief on September 5, 2002. *Id*. at 15-18. Petitioner appealed this ruling, which was affirmed on June 26, 2003. *Latson v. State*, 849 So.2d 300 (Fla. Dist. Ct. App. 2003).

Petitioner then filed a motion for belated appeal, which was denied on January 20, 2004. *Latson v. State*, 865 So.2d 485 (Fla. Dist. Ct. App. 2004). On February 17, 2004, Petitioner filed a motion to correct sentence in state court. Doc. 15, Ex. M at 1. The court denied relief, *id*. at 9, and Petitioner appealed. On September 22, 2004, the appellate court denied relief as to the murder and robbery charges but reversed the sentence on the possession of a firearm charge and remanded for further proceedings. *Latson v. State*, 882 So.2d 1091 (Fla. Dist. Ct. App. 2004). In particular, the court of appeal found that Petitioner's sentence "is above the statutory maximum sentence of 15 years for a second-degree felony and the illegality is not extinguished simply because he pled to this offense." *Id*. at 1092.

On March 3, 2005, Petitioner filed a motion to correct illegal sentence. Doc. 15, Ex. R at 41. On or about March 10, 2005, Petitioner was resentenced in accordance with the directions from the court of appeal. Doc. 15, Ex. S. The motion to correct sentence was then granted in part and denied in part, and by judgment dated January 19, 2006, Petitioner was resentenced to 30 years on the attempted first degree murder charge and 15 years each on the other two charges, with the sentences to run concurrently. Doc. 15, Ex. R at 12-17. Petitioner did not appeal the resentencing judgment but instead filed a motion to withdraw plea on January 9, 2006, an

amended motion to withdraw plea on January 31, 2006, and a motion to correct illegal sentence on February 14, 2006. *Id.* at 9 & 18; Doc. 15, Ex. W at 1. All motions were denied, and Petitioner appealed the rulings, which were affirmed on June 16, 2006, *Latson v. State*, 935 So.2d 504 (Fla. Dist. Ct. App. 2006), and August 17, 2006. *Latson v. State*, 937 So.2d 126 (Fla. Dist. Ct. App. 2006).

The instant petition, charging that Petitioner's sentences are illegal and that his plea was involuntary, was delivered to prison officials on September 15, 2006. Doc. 1.

## DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

There can be no dispute that the original judgment became final on July 31, 2000, when the time to appeal expired, *see* Fla. R. App. P. 9.110(b), and the one-year statute of limitations began running at that time. By the time Petitioner filed his first motion for post-conviction relief, 310 days had expired. Though a "properly filed" motion for post-conviction relief tolls the running of the statute of limitations, §2244(d)(2), Petitioner's first post-conviction motion

was not "properly filed" since it did not comply with the applicable rules governing the form of the document, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), and thus, the statute of limitations did not stop on June 6, 2001, but continued unabated until its expiration on July 31, 2001. By the time Petitioner filed his second post-conviction motion, the statute of limitations had long expired, and nothing Petitioner did in state court after that time served to revive the original time period.

Therefore, in the usual case, this petition would be patently untimely. However, this is not the usual case since during the course of pursuing his many avenues of post-conviction relief, Petitioner successfully challenged his original sentence, which resulted finally in the January 19, 2006, resentencing judgment, and it is that judgment, not the original judgment, which governs the timeliness of the instant petition.

In *Ferreira v. Secretary*, 494 F.3d 1286 (11th Cir. 2007), the court examined a situation similar to that at issue here. In *Ferreira*, the petitioner filed his federal habeas corpus petition more than 365 days after his conviction and original sentence became final but only 57 days after a corrected sentence following the petitioner's resentencing became final. *Id*. at 1288. The issue was "what constitutes the judgment for the statute of limitations when a petitioner has his sentence corrected." *Id*. at 1289. Relying on *Burton v. Stewart*, ____ U.S. ____, 127 S.Ct. 793, 166 L.Ed. 2d 628 (2007), the court found that the pertinent judgment under the one-year statute of limitations "is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id*. at 1292. In *Burton*, the Supreme Court had determined that the limitations period for filing a § 2254 petition does not begin "until both [the petitioner's]

conviction *and* sentence 'become final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Burton*, 127 S.Ct. at 799 (emphasis in original).  In light of this conclusion, the Eleventh Circuit held that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final."  *Ferreira*, 494 F.3d at 1288.  In Ferreira's case, although he had been convicted in 1997, he was presently imprisoned pursuant to a 2003 judgment which had been entered after resentencing, and thus, his habeas petition was timely because it was the 2003 judgment, not the original judgment, which controlled the statute of limitations issue.  *Id*. at 1292-93.  In reaching its conclusion, the Court overruled *Rainey v. Secretary for Department of Corrections*, 443 F.3d 1323 (11th Cir. 2006), to the extent it was inconsistent with *Burton*.  *Id*. at 1293.

Likewise, in this case, although the petition filed on September 15, 2006, appears facially untimely because it was filed so long after Petitioner's original judgment became final, pursuant to *Ferreira* and *Burton*, the one-year statute of limitations did not begin running until the January 19, 2006, judgment became final.  Even if the Court ignores all avenues of tolling after that date and starts the statute of limitations on January 20, 2006, the instant petition was plainly filed within 365 days after that date.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 14, be **DENIED**, and this cause be **REMANDED TO THE UNDERSIGNED FOR FURTHER PROCEEDINGS**.

**IN CHAMBERS** at Gainesville, Florida, this __*14*<sup>th</sup>__ day of January, 2008.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**
> **1:06-CV-00186-MP-AK**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.