IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARICKA LATSON,

    Petitioner,

v.                                                  CASE NO. 1:06-cv-00186-MP-AK

WALTER MCNEIL,

    Respondent.

_____/

## **SECOND REPORT AND RECOMMENDATION**

By prior Report and Recommendation, the undersigned found that the habeas petition was timely filed. Doc. 19. The district judge adopted the R&R and remanded this matter to the undersigned for further proceedings. Doc. 20, Respondent has now filed a supplemental response to the petition, Doc. 26, and Petitioner has filed his reply. Doc. 29. The timeliness ruling will not be reconsidered, as the United States Supreme Court denied certiorari review in *Ferreira v. Secretary*, 494 F.3d 1286 (11${}^{th}$ Cir. 2007), which underlaid the timeliness analysis in the first R&R. *See McNeil v. Ferreira*, 129 S.Ct. 1033 (2009). This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the habeas petition be denied.

## **BACKGROUND**

Petitioner pled *nolo contendere* to attempted first degree murder, attempted robbery with a firearm, and possession of a firearm by a convicted felon and was sentenced to 35 years

imprisonment.  Doc. 15, Ex. D.  During the plea colloquy, there was some confusion regarding Petitioner's sentencing exposure because of the possibility that he might be found to be a prison releasee reoffender.  *Id*.  In particular, the following transpired between counsel and Petitioner:

> Q. Okay.  You have signed a statement here, so let me clarify this for you and for the Court's benefit.
>
> There are also sentencing consequences that deal with the prison reoffender portion of this, if you were convicted of these charges, the two most serious charges, there would be a minimum of 30 years, the same way as there is a minimum of 25 years because of the involvement with the firearm.  Do you understand that?
>
> A. Say that again.
>
> Q. Okay.  If you are a prison reoffender and you came and you were found guilty of these charges, the Court would be sentencing you to a minimum of 30 years on each of the principal charges...the same way the Court–the range, and that would be 30 years to life, the same was as the prior charges because of the 10-20-life would involve 25 to life consequences.  Do you understand that?
>
> A. So you're saying that even though I'm taking this plea, right, that the judge, she could still sentence me under the 10-20-life?  Is that what you're saying?
>
> Q. No, sir.  I'm saying that she is not going to be sentencing you to any greater than 35, but if you went to trial on these cases, because of the prison reoffender consequences, that if you went to trial, you would be facing on the two major counts somewhere between 30 years and life.
>
> A. Okay.  I understand.
>
> Q. You understand that?
>
> A. Yes.

*Id*.

Later, the presiding judge clarified that under the plea agreement, Petitioner would not serve more than 35 years imprisonment less time served. *Id.* During further questioning, Petitioner acknowledged that he had received and read all the documents in the case, that he had read the petition to enter a plea of *nolo contendere*, and that he and counsel had conferred on the petition to plead. *Id.* He then affirmatively stated, "I believe that this plea is in my best interest." *Id.* Counsel and Petitioner again reviewed the sentencing issues:

> Q. Okay. The State is recommending a sentence of 35 years in this case.
>
> A. Yes, sir.
>
> Q. You understand that?
>
> A. Yes, sir.
>
> Q. You understand that the State is going to remain firm on that 35 years and that that is what they are presenting to the Court and that would be a legal sentence and what you are–you would have no challenge to that if the Court sentenced you to that?
>
> A. No, I don't have no challenge.
>
> Q. Okay. You understand that as part of the plea agreement, that you've signed a statement here stating that these charges in and of themselves involve 10-20-life consequences?
>
> A. Yes, sir.
>
> Q. But the 10-20-life consequences of those charges in excess of 35 years will not be enforced by the Court?
>
> A. Yes, sir.
>
> Q. You understand that you have the offender–reoffender consequences, but those sentences, since those–to the extent that those would qualify for a life sentence, those don't apply to you?
>
> A. Yes, sir.

Q. The only maximum that applies to you is the 35 years?

A. Yes.

\* \* \*

Q. And he's to be sentenced...under the...prison release reoffender consequences statute.

A. Okay.

\* \* \*

Q. [T]he State has taken the position, and you have agreed, that the Court will be sentencing you to 35 years?

A. Yes. Tell you what I don't understand. I'm taking the plea, right, because I know that if the judge gives me 35 years, I'd rather do 35 years and have a chance to at least be back on the street again than to go to trial and if I lose, I get two life sentences, right.

But this really ain't much of a plea because...if I plea out at 35 years and you give me 35 years...even though you can go lesser if you want to, and if you give me 35 years and there's going to be a lot of mandatory time, so when I go to prison, I won't get no gain time up under the reoffender.

So if I get 35 years, that's going to be like doing 70 years because mandatory time, because if they give me 70 years and I would get gain time, I'm going at least to do about half of that.

So if you give me 35 years, no gain time...it would be just like I'm doing 70 years.

THE COURT: That would be like a 70-year sentence with gain time.

THE DEFENDANT: That's right.

THE COURT: And you're right, this is all going to be mandatory time. You probably won't be entitled to any gain time. You'll probably have to do the full 35 years day per day less the time you've been in jail. Do you understand that?

THE DEFENDANT: Yes, ma'am.

*Id*.

Shortly thereafter, the parties continued their discussion about Petitioner's sentence with the Court:

> [THE PROSECUTOR]: Mr. Latson is to be sentenced under the prison releasee statute, which this sentence is in compliance with. He will also be sentenced in compliance with 10-20-life statute, which requires 25 to life. We are recommending and standing firm by 35 years.
>
> The accommodation in this case is that if he were to be convicted at trial of either of these first degree felonies, he would face life without the possibility of parole under either or both of these statutes. So with this sentence, he would have the possibility of parole after 35 years.
>
> * * *
>
> THE COURT: Wait a minute. Parole after 35 years?
>
> [THE PROSECUTOR]: Excuse me, release.
>
> THE COURT: Possibility of release after 35 years or he will be released?
>
> * * *
>
> [THE PROSECUTOR]: He will be released in 35 years under this sentence.

*Id*.

Petitioner then asked the Court, "[W]hat if I decide later...that I really don't want this plea?" *Id*. The Court responded, "It's too late," and the followed exchanged ensued:

> THE DEFENDANT: It would be too late. So I don't got no–because I feel that if I go to trial, I'm going to lose, so I feel that the best thing I can do is take this plea and just hoping that you be lenient enough and really don't give me the 35 years.
>
> THE COURT: You understand that the sentence, the law requires that I

|  |  |
|---|---|
|  | give you 35 years. So if you are wanting to enter this plea hoping I'm going to give you less than that, that won't do you any good. |
| THE DEFENDANT: | All right. So okay. |
| THE COURT: | Now, you understand all the questions [defense counsel] asked you were to make sure that you had considered or thought of everything. |
| THE DEFENDANT: | See, when I talked to him and he said he had already talked to the state attorney...he said the plea was that, even though the law required that I can get 35 years...you could give me–you really ain't got to go by the law. If you feel that I should get less time, you can go a lesser time than 35 years. |

\* \* \*

|  |  |
|---|---|
| THE COURT: | That's incorrect. If you enter the plea today and I accept it, I'm going to give you 35 years, not more than that, not less than that. I'm going to listen to the victim, I'm going to listen to you, I'm going to listen to your family, if you'd like to do that, but I'm going to sentence you to 35 years. |
| THE DEFENDANT: | I really pretty much ain't got no choice, because if I go to trial, it's going to be the fact if I lose at trial, you're going to give me life, so I'd rather just take the 35 than life. |
| THE COURT: | I understand that. And the reason to ask you all these questions is to make sure that you have carefully thought about it and you believe this is the best way to handle it. |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Okay. Good enough. I find that the plea is freely and voluntarily entered. |

*Id*.

As previously noted, the court subsequently sentenced Petitioner to 35 years imprisonment on each charge, to run concurrently. Doc. 15, Ex. E & P. After the court

announced sentence, Petitioner asked if he could appeal the sentence because he felt "that 35 years, that's too long." The court responded:

> No, sir. You can file an appeal if there is a legal justification, if there's anything illegal about this sentence, as you attorney has explained to you. Then you may appeal on that basis. But based upon the–your qualifications of the plea last week and the sentence, the statutes under which I'm sentencing you, there is no request that you can make. You can make a legal appeal to the [court of appeal] if you have grounds for a lawful appeal, and you'll have 30 days to file a notice of appeal.

*Id*. Petitioner did not appeal.

He did, however, file a succession of post-conviction motions, as outlined in the original R&R, one of which, a motion to correct sentence, resulted in the appellate court denying relief as to the attempted murder and robbery charges but reversing the sentence on the possession of a firearm charge. *Latson v. State*, 882 So.2d 1091 (Fla. Dist. Ct. App. 2004). In particular, the court of appeal found that Petitioner's sentence on the gun charge "is above the statutory maximum sentence of 15 years for a second-degree felony and the illegality is not extinguished simply because he pled to this offense." *Id*. at 1092. This decision was based on the fact that the State "cannot classify a defendant convicted of possession of a firearm by a convicted felon as eligible for a prison releasee reoffender sentence, because such an offense is not enumerated in the prison releasee reoffender statute." *Id*. In addition, the subsection of the 10-20-Life statute "used by the sentencing court to apply a minimum mandatory to the [Petitioner's] sentence does not apply to convictions for possession of a firearm by a convicted felon." *Id*.

On March 3, 2005, Petitioner filed a motion to correct illegal sentence. Doc. 15, Ex. R at 41. Petitioner was then resentenced in accordance with the directions from the court of appeal. Doc. 15, Ex. S. The motion to correct sentence was granted in part and denied in part, and

Petitioner was resentenced to 30 years on the attempted first degree murder charge and 15 years each on the other two charges, with the sentences to run concurrently.  Doc. 15, Ex. R at 12-17.  Petitioner did not appeal the resentencing judgment but instead filed a motion to withdraw plea, an amended motion to withdraw plea, and a motion to correct illegal.  *Id*. at 9 & 18; Doc. 15, Ex. W at 1.  All motions were denied, and Petitioner appealed the rulings, which were affirmed on June 16, 2006, *Latson v. State*, 935 So.2d 504 (Fla. Dist. Ct. App. 2006), and August 17, 2006.  *Latson v. State*, 937 So.2d 126 (Fla. Dist. Ct. App. 2006).

The instant petition, charging that Petitioner's sentences are illegal and that his plea was involuntary, followed.  Doc. 1.

## **DISCUSSION**

In his first claim for relief, Petitioner alleges that his sentences were illegal because he was not given notice of the consequences of the prison releasee reoffender (PRR) and 10-20-Life statutes.  This claim bears limited discussion, as it is flatly refuted by the record of Petitioner's plea, which the Court has quoted extensively.  Repeatedly, either the court, the prosecutor, or defense counsel reiterated that Petitioner's sentence would be affected by the two statutes if he went to trial and was convicted.  Petitioner candidly acknowledged that he knew he would be sentenced to life as a PRR and under the terms of the 10-20-Life firearms statute.  He admitted that he shot the store clerk in the chest during the commission of a robbery and that he was a prior convicted felon.  It is clear from his exchanges with the court and his concern about his decision that he fully understood the consequences of his plea and the alternative he faced under the statutes if he were convicted at trial.  Even assuming the claim was properly exhausted, it is without merit.

Petitioner next claims that because his sentences were found to be illegal, his plea was involuntary. This claim is likewise without merit. To determine that a guilty plea is constitutionally knowing and voluntary, the Court must establish that the plea was free from coercion, that Petitioner understood the nature of the charges, and that he knew and understood the consequences of his plea. *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005).

In this case, it cannot seriously be disputed that Petitioner received notice of the charges against him, that he pled guilty because he believed it to be in his best interests, and that he knew he faced a sentence of 35 years imprisonment. He was advised multiple times during the colloquy that if he went to trial and was convicted (which, by his own admission, he surely would have been), he would be sentenced to life. Even though his sentences were ultimately reduced,[1] for him now to suggest that if he had been advised that his sentences would be less than 35 years, which is what he wanted, he would not have entered the pleas is incredible given his repeated statements during the plea hearing that the reason he was pleading guilty was to avoid a life sentence. This claim is therefore without merit and should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of April, 2009.

*s/A. Kornblum*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Though of no consequence, while the Court understands the reduction regarding the firearms charge–it was ordered by the appellate court--it cannot find any explanation for why the sentences on the other two counts were likewise reduced.

*Case No: 1:06-cv-186-MP-AK*

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**